UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>JESSICA L ZICKER<br>Debtor<br><br>JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>Movant<br><br>vs.<br><br>JESSICA L ZICKER<br>Respondent | CHAPTER 13<br><br>CASE NO. 5:26-BK-02115-MJC |

# **TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN**

COMES NOW Jack N. Zaharopoulos, who objects to confirmation of the above-referenced Debtor's plan for the following reason(s):

1. Debtor's Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following: Residential real estate. Trustee requests proof of the value of the Debtor's home as stated in his/her schedules.

2. Statement of Financial Affairs #27 lacks description (business not listed).

3. The Debtor has a new job making $26.50/hour working 40 hours a week. The Trustee requests an amended budget, as well as copies of pay advices through October 2026.

4. Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. Schedule J should not list a mortgage payment since this is a conduit plan. Also, the Debtor's Monthly Net Income at the bottom of Schedule J should match the amount being paid to the Trustee each month.

5. The Plan has not been served as required by LR 3015-1(b) as to the creditors listed in Paragraphs 2E and 2G of the Plan (as to OneMain for cramdown of Nissan Murano).

6. Trustee avers that Debtor's Plan is not feasible based upon the following: The Plan is underfunded relative to claims to be paid.

WHEREFORE, the Trustee alleges and avers that the plan cannot be confirmed and, therefore, the Trustee prays that this Honorable Court will:

a. Deny confirmation of Debtor's plan.
b. Dismiss or convert Debtor's case.
c. Provide such other relief as is equitable and just.

Dated: September 14, 2026

Respectfully submitted:

/s/ Jack N. Zaharopoulos

Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

## CERTIFICATE OF SERVICE

I hereby certify that, on today's date, I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

KIM M DIDDIO ESQUIRE
17 N 6TH STREET
STROUDSBURG, PA 18360

Dated: September 14, 2026

/s/ Jack Zaharopoulos

Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee